UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR ANDERSON** | : | **DOCKET NO. 2:22-cv-06124** |
| REG. # 29252-009 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **F. MARTINEZ** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [doc. 1] by pro se petitioner Arthur Anderson. Anderson is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and this matter be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

Through the instant suit, Anderson challenges a disciplinary proceeding that took place on an unknown date, in connection with Incident Report #3668529, and resulted in sanctions, including loss of good time credits. Doc. 1, p. 1.

## II.
## LAW & ANALYSIS

### A. *28 U.S.C. § 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"A federal prisoner may not seek § 2241 relief in connection with the execution of his sentence unless he first exhausts the administrative remedies made available by the Bureau of Prisons." *Williams v. Willis*, 765 F. App'x 83, 83 (5th Cir. 2019) (per curiam) (citing *United States v. Dowling*, 962 F.2d 390 393 (5th Cir. 1992); *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017); 28 C.F.R. §§ 542.10-542.19)). "Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels." *Wood v. Car*r, No. 4:20-cv-1365-P, 2021 U.S. Dist. LEXIS 102193, 2021 WL 2207202, at *3 (N.D. Tex. June 1, 2021) (citing 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993)). The Bureau of Prisons operates an Administrative Remedy Program, which is designed to allow an inmate to seek formal review of an issue relating to any aspect of his or her confinement. See 28 C.F.R. § 542.10, *et seq*. An inmate may use the Administrative Remedy Program to appeal a DHO hearing. See 28 C.F.R. § 542.14(d)(2). With respect to appeals from disciplinary hearings, an inmate is not required to seek informal resolution or to submit an initial request to the Warden. Instead, an inmate is to submit an appeal from a disciplinary hearing directly to the Regional Director, with subsequent, final appeal to the General Counsel. See 28 C.F.R. §§ 542.14(d)(2); 542.15(a). Appeal to the Office of General Counsel is the final administrative appeal in the BOP remedy process. See 28 C.F.R. § 542.15(a).

"[E]xhaustion of administrative remedies is not required where they are 'unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (per curiam) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [a petitioner] bears the burden of demonstrating the futility of administrative review." *Fuller*, 11 F.3d at 62 (citations omitted).

### B. *Application*

Anderson concedes that he did not seek review of the DHO decision at issue because he was placed in the SHU, where the Unit Team refused to provide him with administrative remedies, and later transferred to another unit, where no administrative remedies were available. Doc. 1, p. 2, ¶ 7.

Although Anderson claims he was not provided with the necessary forms, he provides no support for this contention, nor does he allege that he attempted to submit an appeal on another form or document. Moreover, Anderson did not seek any additional time or express to the Office of the Regional Director that he was having difficulty obtaining forms. The BOP's administrative remedy process expressly allows an inmate to request an extension of the filing time if the inmate demonstrates a valid reason for delay. *Gerardo v. Merendino*, 2021 U.S. Dist. LEXIS 177782 (W.D. La. Sep. 9, 2021) (citing 28 C.F.R. §§ 542.14(b), 542.15(a);

In *Gerardo v. Merendino*, Magistrate Judge Joseph H.L. Perez-Montes refused to excuse inmate's failure to exhaust administrative remedies finding "[t]he BOP's administrative remedy process expressly allows an inmate to request an extension of the filing time if the inmate demonstrates a valid reason for delay. 2021 U.S. Dist. LEXIS 177782, at *5 (W.D. La. Sep. 9,

2021) (citing *Cruz v. Fox*, 2015 U.S. Dist. LEXIS 25077, 2015 WL 858661, at *4 (C.D. Cal. 2015) (declining to excuse failure to exhaust where prison officials allegedly refused to provide petitioner with a BP-10 form)). In *Cruz, supra*, the district court found that the petitioner failed to exhaust his administrative remedies where there the only evidence was the petitioner's self-serving contention that prison officials prevented him from appealing the adverse disciplinary decision and there was no evidence that the petitioner attempted to request an extension of time to appeal the adverse disciplinary decision. 2015 WL 858661, at *3.

Use of the administrative remedy process would have allowed the BOP to investigate Petitioner's claims, and, if warranted, correct the alleged errors. *See Pinson v. Blanckensee*, 2022 U.S. Dist. LEXIS 146260, at *9 (D. Ariz. Aug. 16, 2022). Since Petitioner has failed to complete the administrative review process, he has disallowed any of the BOP's formal administrative levels an opportunity to consider his claims. *Id*. at *9-10 *(citing Quinonez v. McGrew,* 2016 WL 1728980, at *1 (9th Cir. Apr. 29, 2016) (affirming district court's dismissal of § 2241 petition for failure to exhaust administrative remedies where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile")).

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the petition be **DENIED** and this matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE